IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANE ROBBIN, | ) | CV. NO. 08-00061 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | MARRIOTT HOTEL SERVICES, |
| vs. | ) | INC., DBA WAILEA MARRIOTT |
| | ) | RESORT'S MOTION FOR |
| MARRIOTT HOTEL SERVICES, | ) | SUMMARY JUDGMENT |
| INC., a Maryland Corporation, dba | ) | |
| WAILEA MARRIOTT RESORT; | ) | |
| JOHN DOES 1-5; JOHN DOE | ) | |
| CORPORATIONS 1-5; JOHN DOE | ) | |
| PARTNERSHIPS 1-5; ROE NON | ) | |
| PROFIT ORGANIZATIONS 1-5; | ) | |
| and ROE GOVERNMENTAL | ) | |
| AGENCIES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA
WAILEA MARRIOTT RESORT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Marriott Hotel Services, Inc., dba

Wailea Marriott Resort's ("Defendant") Motion for Summary Judgment.

(Doc. # 68.)  The Court heard the motion on August 2, 2010.  After careful

consideration of the motion, the supporting and opposing memoranda, and the

arguments of counsel, Defendant's Motion for Summary Judgment is DENIED.

BACKGROUND

This case arises out of a slip-and-fall accident involving Plaintiff Jane

Robbin ("Plaintiff") at the Wailea Beach Marriott Resort & Spa's ("hotel") pool on July 23, 2006.  (Mot. at 2.)  Plaintiff was a guest of the hotel.  (Id.)  The pool is an infinity pool, which is an outdoor swimming pool that has a ledge ("infinity ledge") over which water constantly flows into a trough but appears to flow to the horizon.  (Id. at 3 n.1; Stephens Decl. ¶ 3.)  In this case, the trough is seventeen inches wide and has the appearance of a moat.  (Mot. at 3; Stephens Decl. ¶ 3; Yanoviak Dep. 53:22-23, Oct. 27, 2009.)  The distance from the bottom of the trough to the top of the pool deck is approximately twenty-six inches, or a little more than two feet.  (Mot. at 3; Yanoviak Dep. 53:22-25.)  The distance from the top of the pool deck to the top of the infinity ledge is approximately fourteen inches, or a little more than one foot.  (Mot. at 3; Yanoviak Dep. 153:24-154:5.) Thus, the total distance from the top of the infinity ledge to the bottom of the trough is approximately forty inches, or three to four feet.  (Mot. at 3; Yanoviak Dep. 154:7-10.)

On the day of the accident, Plaintiff went to the pool area with her friends.  (Opp'n at 3.)  Plaintiff walked within a foot-and-a-half to two feet of what she recognized to be the entrance to the pool.  (Mot. at 4; Pl. Dep. 40:6-10, Jan. 8, 2009.)  The entrance has railings and steps leading down into the pool. (Mot. at 4; Pl. Dep. 40:25-41:9.)  Plaintiff walked past the entrance and stopped at

2

the pool desk for a towel.  (Mot. at 4.)  After getting a towel, she walked to the

opposite end of the pool where Defendant had placed a majority of the pool's

lounge chairs.  (Id.; Mot. Exs. E, F; Opp'n at 3, 17.)  Plaintiff placed her towel on a

lounge chair and walked to the nearest edge of the pool.  (Mot. at 4; Pl. Dep.

45:24-46:2.)  This edge of the pool has two ledges--a lower ledge and a higher

ledge.  (Mot. at 4.)  The lower ledge is the infinity ledge.  (Id.)  The higher ledge is

to the immediate left of the infinity ledge, but is wider and has no water flowing

over it.  (Id.; Opp'n Ex. 10.)  Plaintiff attempted to enter the pool by stepping, with

her right foot, off of the pool deck, over the trough, and onto the infinity ledge.

(Mot. at 5; Mot. Ex. J; Pl. Dep. 54:22-55:10.)  Her foot, however, slipped

backwards off of the infinity ledge and down into the trough.  (Mot. at 5; Pl. Dep.

69:16-25, 71:7-15.)

    Plaintiff later testified that she understood, at the time she attempted

to enter the pool, that the infinity ledge might be slippery when she stepped onto it.

(Pl. Dep. 61:2-5.)  Plaintiff was familiar with swimming pools and their

surrounding surfaces as she had ten years of experience as a competitive swimmer.

(Id. at 16:19-25, 60:22-61:1.)  Plaintiff, however, testified that she did not think

that stepping onto the infinity ledge to enter the pool would be dangerous.  (Id. at

64:11-21, 65:9-12.)  She stated that she looked down at the infinity ledge to guard

against falling.  (Id. at 78:20-24, 79:18-21.)  She stated that she "stepped slowly

and carefully" and she slipped.  (Id. at 65:23-66:2.)  Plaintiff acknowledged that

nothing prevented her from walking around the pool to what she recognized to be

the entrance.  (Id. at 54:15-21, 56:18-21.)  She also acknowledged that she was

aware of the higher ledge.  (See id. at 59:10-60:12.)  Plaintiff stated that she

attempted to enter the pool where she did because that area of the pool was nearest

to her lounge chair.  (Id. at 58:1-5.)  She stated that she did not step onto the higher

ledge because she would have entered the hot tub rather than the pool.  (Id. at

61:11-63:24.)

There were signs near the area in which Plaintiff attempted to enter

the pool.  (Mot. at 7; Mot. Exs. H, I, J.)  The signs read on one side, "Not a pool

entrance," and on the other side, "Not a pool exit."  (Mot. at 7; Opp'n Exs. 13, 14.)

Plaintiff testified that she did not see any of the signs prior to attempting to enter

the pool.  (Pl. Dep. 45:4-5, 53:10-12, 67:6-7.)  In addition, Plaintiff's friends stated

that they observed other hotel guests entering and exiting the pool in the same area

and manner in which Plaintiff did.  (M. Linger Aff. ¶¶ 4, 12; D. Linger Aff. ¶¶ 4, 6,

18.)

As a result of the accident, Plaintiff sustained injuries to her right foot

and ankle, including an acute calcaneous fracture.  (Opp'n at 4.)  Plaintiff

underwent surgery to repair the fracture.  (Id.)  She, however, continues to suffer

pain and limitation in range of motion, and is unable to walk without the assistance

of a crutch.  (Id.)

On January 3, 2008, Plaintiff filed a complaint against Defendant in

the Circuit Court of the Second Circuit, State of Hawaii ("state court").  (Mot.

Ex. M.)  Plaintiff's complaint alleges that Defendant was negligent for failing to

warn her of the danger of stepping onto the infinity ledge to enter the pool.

(Compl. ¶¶ 9, 10.)  Defendant later removed the action from state court to this

Court on the basis of diversity jurisdiction.  (Doc. # 1.)  On May 11, 2010,

Defendant filed the instant motion.  (Doc. # 68.)  In its motion, Defendant argues

that it is entitled to summary judgment because its duty to warn does not extend to

known and obvious dangers.  Defendant argues that the danger of stepping onto the

infinity ledge to enter the pool is known and obvious.  Plaintiff filed her opposition

on July 12, 2010, and on July 19, 2010, Defendant filed its reply.  (Docs. ## 82,

85.)

## STANDARD OF REVIEW

A court may not grant a motion for summary judgment unless it

determines that there is no genuine issue of material fact and the undisputed facts

warrant judgment for the moving party as a matter of law.  See Fed. R. Civ.

P. 56(c).  In assessing whether a genuine issue of material fact exists, the court

must resolve all ambiguities and draw all factual inferences in favor of the non-

moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)

(citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)); see also Cline

v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

The court's function is not to try issues of fact, but rather, is only to determine

whether there are issues to be tried.  Anderson, 477 U.S. at 249.  If there is any

evidence in the record from which a reasonable inference could be drawn in favor

of the non-moving party on a material issue of fact, summary judgment is

improper.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d

626, 631 (9th Cir. 1987).

## DISCUSSION

Defendant moves for summary judgment on the ground that it did not

owe a duty to Plaintiff.  Specifically, Defendant contends that it did not owe a duty

to warn Plaintiff of known and obvious dangers, and stepping onto the infinity

ledge to enter the pool is a known and obvious danger.  (Mot. at 19-22.)  Defendant

contends that whether a danger is known and obvious is a question of law for the

Court to decide.  (Id. at 8-9.)

Plaintiff argues that summary judgment should be denied because

whether a danger is known and obvious is a question of fact to be left to a jury. (See Opp'n at 12-21.)  Plaintiff further argues that even if the danger of stepping onto the infinity ledge to enter the pool is known and obvious, Defendant still had a duty to warn.  (See id. at 29-32.)

"[A] negligence action lies only where there is a duty owed by the defendant to the plaintiff."  Birmingham v. Fodor's Travel Publ'ns, Inc., 73 Haw. 359, 366, 833 P.2d 70, 74 (1992) (citing Bidar v. Amfac, Inc., 66 Haw. 547, 551, 669 P.2d 154, 158 (1983)).  In Hawaii, the existence of a duty is a question of law. Id. (citing Bidar, 66 Haw. at 552, 669 P.2d at 158).  Under Hawaii law, "an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual."  Pickard v. City & County of Honolulu, 51 Haw. 134, 135, 452 P.2d 445, 446 (1969).  However, in Friedrich v. Department of Transportation, 60 Haw. 32, 36, 586 P.2d 1037, 1040 (1978),[1] the Hawaii Supreme Court cited Section 343A of the Restatement (Second) of Torts ("Second Restatement") for the proposition that such duty of care "traditionally does not require the elimination of

---

[1] Friedrich was superseded by statute as stated in Bhakta v. County of Maui, 109 Haw. 198, 124 P.3d 943 (2005).  This, however, should not affect the Court's analysis as that statute concerns only the state and counties' duty to warn of extremely dangerous conditions at public beach parks.  Id. at 215, 124 P.3d at 960.

known or obvious hazards which [an individual] would reasonably be expected to avoid." The supreme court noted, "The obviousness of a risk substitutes for an express warning and satisfies this obligation." Id.

Much of the Hawaii case law on which Defendant relies does not expand upon a *landowner's* duty to warn of known and obvious dangers. Rather, such case law speaks to the duty to warn of open and obvious dangers by *manufacturers* in the products liability context. (See, e.g., Mot. at 8, 9, 11 (citing Josue v. Isuzu Motors Am., Inc., 87 Haw. 413, 958 P.2d 535 (1998); Tabieros v. Clark Equip. Co., 85 Haw. 336, 944 P.2d 1279 (1997)).) The Court therefore does not find the Hawaii case law relied upon to be directly applicable to the instant case. The parties do not dispute, however, that Hawaii courts follow the Second Restatement. See Friedrich, 60 Haw. at 36-37; see also Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1148 & n.4 (D. Haw. 2003). Thus, this Court believes that the Hawaii courts would follow the Second Restatement in this situation.

Section 343A of the Second Restatement sets forth the duty of care landowners owe to invitees with respect to known and obvious dangers. Restatement (Second) of Torts § 343A. It states, in pertinent part, "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or

condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." <u>Id.</u> § 343A(1).  Thus, "[r]easonable care on the part of the possessor . . . does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to [her] that [she] may be expected to discover them." <u>Id.</u> § 343A cmt. e.  The term "obvious" means that "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." <u>Id.</u> § 343A cmt. b.  However, a landowner's duty of care is not so strictly defined as to eliminate the duty to warn of known or obvious dangers in all circumstances.  A landowner is not relieved of his duty of care if he "can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger." <u>Id.</u> § 343A cmt. f.

In this case, the Court concludes, as a matter of law, that stepping onto the infinity ledge to enter the pool is a known and obvious danger.  The infinity ledge is an area over which water constantly flows.  (Mot. at 3 n.1; Stephens Decl. ¶ 3.)  Water flows from the pool, over the infinity ledge, into a trough.  (Mot. at 3 n.1; Stephens Decl. ¶ 3; Yanoviak Dep. 53:22-25.)  The trough is seventeen inches wide and approximately twenty-six inches deep.  (Mot. at 3; Stephens Decl. ¶ 3.)

The top of the infinity ledge to the bottom of the trough is three to four feet.  (Mot. at 3, Yanoviak Dep. 154:7-10.)  Plaintiff understood, at the time she attempted to enter the pool, that the infinity ledge might be slippery when she stepped onto it. (Pl. Dep. 61:2-5.)  She testified that she looked down at the infinity ledge to guard against falling.  (Id. at 78:20-24, 79:18-21.)  She testified that she "stepped slowly and carefully" before she slipped.  (Id. at 65:23-66:2.)

Plaintiff argues that the fact that other hotel guests entered the pool in the same area and manner in which she did demonstrates that the danger of stepping onto the infinity ledge is not obvious under the above-mentioned reasonable person standard.  (Opp'n at 29.)  However, in Maneely v. General Motors Corp., 108 F.3d 1176, 1180 (9th Cir. 1997), the Ninth Circuit recognized that "[u]nfortunately, ordinary intelligent people defy obvious dangers all the time."  The Ninth Circuit, however, stated, "[T]his does not mean that the ordinary [person] is ignorant of the accompanying risks."  Id.  In this case, the danger of stepping onto the infinity ledge to enter the pool should be apparent to and would be recognized by a reasonable person, in Plaintiff's position, exercising ordinary perception, intelligence, and judgment.

Nevertheless, as stated above, a landowner may be liable for the physical harm caused to his invitee by a known and obvious danger if the

landowner should anticipate the harm.  Restatement (Second) of Torts § 343A(1).

Harm may be anticipated where the landowner "has reason to expect that the

invitee will proceed to encounter the known or obvious danger because to a

reasonable [person] in [her] position the advantages of doing so would outweigh

the apparent risk."  Id. § 343A cmt. f.  In such a case, "the fact that the danger is

known, or is obvious, is important in determining whether the invitee is to be

charged with contributory negligence, or assumption of risk."  Id.  "It is not,

however, conclusive in determining the duty of the [landowner], or whether he has

acted reasonably under the circumstances."  Id.

       Viewing the evidence in the light most favorable to Plaintiff, the

Court concludes that a genuine issue of material fact exists as to whether

Defendant should have anticipated the harm to Plaintiff.  As noted above, there is

only one entrance to the pool.  (Mot. Ex. A; Opp'n at 10, 17.)  Defendant placed a

majority of the lounge chairs on the opposite end of the pool near the infinity

ledge.  (Opp'n at 3, 17; see also Mot. Ex. F.)  Plaintiff maintains that she attempted

to enter the pool using the infinity ledge because that area of the pool was nearest

to her lounge chair.  (Pl. Dep. 58:1-5.)  Plaintiff acknowledges that she was aware

of the higher ledge; however, she states that she did not use that ledge because she

would have entered the hot tub rather than the pool.  (Id. at 61:11-63:24.)

Furthermore, Plaintiff contends that Defendant's pool is different from "most infinity pools" in that the infinity ledge "does not have a large drop off . . . ." (Opp'n at 27.)  As noted above, the infinity ledge is merely fourteen inches, or a little more than one foot, from the top of the pool deck.  (Mot. at 3.)  Plaintiff thus contends that the infinity ledge could be viewed as a step to enter the pool.  (Opp'n at 27.)

Given the foregoing, it is possible that to a reasonable person, the advantages of stepping onto the infinity ledge to enter the pool would outweigh any apparent risk.  Thus, the Court cannot conclude, as a matter of law, that Defendant should not have had reason to expect Plaintiff to encounter the danger of stepping onto the infinity ledge, even if the danger was known and obvious. Should Defendant have anticipated the harm to Plaintiff, there are also genuine issues of material fact as to whether Defendant adequately warned Plaintiff, or took other reasonable steps to protect her against the known and obvious danger. Accordingly, Defendant's Motion for Summary Judgment is DENIED.

<u>CONCLUSION</u>

For the reasons given above, Defendant's Motion for Summary

Judgment is DENIED.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, August 18, 2010.



                    /s/ Barry M. Kurren
                    United States Magistrate Judge

Jane Robbin v. Marriott Hotel Services, Inc., a Maryland Corporation, dba Wailea Marriott Resort, et al., CV. NO. 08-00061 BMK, ORDER DENYING DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA WAILEA MARRIOTT RESORT'S MOTION FOR SUMMARY JUDGMENT.