IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANE ROBBIN, | ) | CV. NO. 08-00061 BMK |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF JANE |
| | ) | ROBBIN'S AND DEFENDANT |
| vs. | ) | MARRIOTT HOTEL SERVICES, |
| | ) | INC., DBA WAILEA MARRIOTT |
| MARRIOTT HOTEL SERVICES, | ) | RESORT'S MOTIONS IN LIMINE |
| INC., a Maryland Corporation, dba | ) | |
| WAILEA MARRIOTT RESORT; | ) | |
| JOHN DOES 1-5; JOHN DOE | ) | |
| CORPORATIONS 1-5; JOHN DOE | ) | |
| PARTNERSHIPS 1-5; ROE NON | ) | |
| PROFIT ORGANIZATIONS 1-5; | ) | |
| and ROE GOVERNMENTAL | ) | |
| AGENCIES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER ON PLAINTIFF JANE ROBBIN'S AND DEFENDANT MARRIOTT
HOTEL SERVICES, INC., DBA WAILEA MARRIOTT RESORT'S MOTIONS
IN LIMINE

   Before the Court are Plaintiff Jane Robbin's ("Plaintiff") and

Defendant Marriott Hotel Services, Inc., dba Wailea Marriott Resort's

("Defendant") Motions in Limine.  The Court heard the motions in limine on

October 5, 2010.  After careful consideration of the motions in limine, the

supporting and opposing memoranda, and the arguments of counsel, the Court

rules on the motions in limine as follows.

I.      Plaintiff's Motions in Limine

A.      Plaintiff's Motion for Reconsideration, or in the Alternative, Motion in Limine to Preclude Mark S. Sanders, Ph.D., from Testifying that Stepping onto the Infinity Ledge to Enter the Pool was an Open and Obvious Danger

On May 11, 2010, Defendant filed a motion for summary judgment. (Doc. # 68.)  The Court issued an order denying Defendant's motion for summary judgment on August 18, 2010.  (Doc. # 95.)  In its order, the Court stated, "[It] concludes, as a matter of law, that stepping onto the infinity ledge to enter the pool is a known and obvious danger."  (Id. at 9.)  Plaintiff moves the Court to reconsider this ruling in light of deposition testimony of witnesses taken after the Court issued its order.  (Mem. in Supp. of Mot. at 5, 6, 20.)  Plaintiff moves, in the alternative, to preclude Defendant's expert, Mark S. Sanders, Ph.D., from testifying that stepping onto the infinity ledge to enter the pool is a known and obvious danger. (Id. at 20-21.)

While the Court declines to reconsider its ruling, the Court wishes to clarify that by concluding that "stepping onto the infinity ledge to enter the pool is a known and obvious danger," the Court did not make any determination with respect to the parties' claims.  Rather, the Court denied summary judgment because pursuant to Section 343A of the Restatement (Second) of Torts, a landowner may be liable to his invitees for physical harm caused to them by a known and obvious

2

danger, if the landowner should anticipate the harm despite such knowledge or obviousness.  (See Doc. # 95 at 10-12 (citing Restatement (Second) of Torts § 343A(1).)  The comments to Section 343A explain:

> There are . . . cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger.  ***In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection.***  This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise . . . where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases ***the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.***

Restatement (Second) of Torts § 343A(1) cmt. f (emphases added, internal citations omitted).

Based on the foregoing, whether Defendant owed a duty of reasonable care to Plaintiff, and whether Plaintiff is to be charged with contributory negligence, are among the issues that remain.  Thus, evidence relating to whether

Defendant should have anticipated the harm to Plaintiff, and whether and to what extent the danger is known and obvious, is relevant to the parties' claims and defenses. The Court, therefore, also declines to preclude Sanders from testifying that stepping onto the infinity ledge to enter the pool is a known and obvious danger. Defendant, however, must lay a sufficient foundation for such testimony to be allowed.

In accordance with the foregoing, Plaintiff's Motion for Reconsideration, or in the Alternative, Motion in Limine to Preclude Mark S. Sanders, Ph.D., from Testifying that Stepping onto the Infinity Ledge to Enter the Pool was an Open and Obvious Danger (Doc. # 120) is DENIED.

B.      Plaintiff's Motion in Limine to Bar Mark Sanders, Ph.D. from Testifying

Plaintiff moves to bar Sanders from testifying. (Doc. # 114.) Plaintiff argues that Sanders's testimony is within the province of the jury, and therefore, will not assist the trier of fact. (See Mem. in Supp. of Mot. at 7-9.) The Court declines to issue a blanket ruling barring Sanders from testifying. Defendant, however, must lay a sufficient foundation showing that Sanders's testimony is based upon reliable human factors principles for such testimony to be allowed. Accordingly, Plaintiff's Motion in Limine to Bar Mark Sanders, Ph.D. from Testifying (Doc. # 114) is DENIED.

II.    <u>Defendant's Motions in Limine</u>

Defendant filed the following motions in limine, which Plaintiff does not oppose:  Defendant's Motion in Limine No. 1 to Exclude Undisclosed Expert Opinions (Doc. # 108), Defendant's Motion in Limine No. 2 to Exclude Evidence of Liability Insurance (Doc. # 109), Defendant's Motion in Limine No. 3 to Exclude Evidence of Settlement Negotiations (Doc. # 110), and Defendant's Motion in Limine No. 5 to Exclude Testimony, Opinions, and Evidence of Andrew Yanoviak Relating to Other Pool Users (Doc. # 112).  Defendant's foregoing motions in limine are GRANTED.  The Court rules on Defendant's remaining motions in limine as set forth below.

A.    <u>Defendant's Motion in Limine No. 4 to Exclude Testimony and Evidence Regarding Subsequent Entrances into the Pool and Subsequent Accidents in the Pool Area</u>

Defendant moves to exclude testimony and evidence regarding (1) subsequent entrances into the pool and (2) subsequent accidents in the pool area.  (Mot. at 2.)  Plaintiff objects only with respect to Defendant's request to exclude testimony and evidence regarding subsequent entrances into the pool. (<u>See</u> Opp'n at 2.)  Specifically, Plaintiff argues that evidence that, after she was injured, other guests used the infinity ledge to enter the pool is relevant to show that Defendant had notice of the dangerous condition and should have anticipated

5

the harm to Plaintiff.  (<u>Id.</u> at 2-4.)  The Court disagrees.  Evidence ***subsequent*** to

Plaintiff's accident is irrelevant to prove notice and anticipation of harm.

Accordingly, Defendant's Motion in Limine No. 4 to Exclude Testimony and

Evidence Regarding Subsequent Entrances into the Pool and Subsequent Accidents

in the Pool Area (Doc. # 111) is GRANTED.

    B.    <u>Defendant's Motion in Limine No. 6 to Exclude and Limit Opinions
of Andrew Yanoviak</u>

Defendant moves to exclude or limit the testimony and opinions of

Plaintiff's expert, Andrew Yanoviak, as follows:

(1)    Limit Yanoviak's testimony and opinions on the issue of
any violation of codes, rules, regulations, and industry
standards to only violations of the Americans with
Disabilities Act ("ADA") Sections 16-9.4(a)(5), 16-9.5,
and 16-9.7 (Mem. in Supp. of Mot. at 16-19);

(2)    Exclude Yanoviak's testimony and opinions regarding
any biomechanical aspect of the accident, including the
extent, severity, or cause of Plaintiff's injuries (<u>Id.</u> at 21);

(3)    Exclude Yanoviak's testimony and opinions regarding
water sanitation (<u>Id.</u> at 27-29);

(4)    Exclude Yanoviak's opinions and the bases for such
opinions that were not referred to or expressed in his
April 21, 2009 report (<u>Id.</u> at 12-16);

(5)    Exclude Yanoviak's testimony and opinions that the
pool's trench drain was required to be covered (<u>Id.</u> at 19-
21);

(6)    Exclude Yanoviak's testimony and opinions regarding
violations of access and fire codes (<u>Id.</u> at 21-22);

(7)    Exclude Yanoviak's testimony and opinions regarding
signage (<u>Id.</u> at 22-24); and

(8)    Exclude Yanoviak's testimony and opinions regarding

hydroplaning and a low coefficient of friction as the
causes of Plaintiff slipping off of the infinity ledge (Id.
at 24-27).

Plaintiff does not oppose Defendant's motion in limine as to (1)-(3).  Thus,

Defendant's motion in limine is GRANTED as to these requests.

As to (4), Defendant seeks to exclude Yanoviak's opinions and the

bases for such opinions that were not referred to or expressed in his April 21, 2009

report.  (Id. at 12-16.)  Defendant's motion in limine with respect to (4) is

GRANTED.  Yanoviak's opinions and the bases for his opinions are limited to

those referred to or expressed in his April 21, 2009 report.  Any other opinions and

bases for such may be admitted only if Plaintiff is able to lay a sufficient

foundation and such opinions and bases were properly disclosed.

As to (5), Defendant seeks to exclude Yanoviak's testimony and

opinions that the pool's trench drain was required to be covered.  (Id. at 19-21.)

Plaintiff argues in opposition that Yanoviak should be permitted to testify that had

the pool's trench drain been covered, Plaintiff would not have fallen into it.

(Opp'n at 2-3.)  Provided that Plaintiff is able to lay a sufficient foundation for the

admission of such testimony, Defendant's motion in limine with respect to (5) is

DENIED.

Turning to (6), Defendant seeks to exclude Yanoviak's testimony and

opinions that the layout of the pool's lounge chairs violated access and fire codes. (Mem. in Supp. of Mot. at 21-22.)  Defendant argues that Yanoviak conducted his site inspection three years after the accident.  (Id. at 22.)  Defendant further argues that Yanoviak admitted that he has no knowledge as to whether the layout of the pool's lounge chairs violated any access or fire codes on the date of the accident. (Id.)  For these reasons, the Court finds that Yanoviak's testimony and opinions regarding any violations of access and fire codes are irrelevant.  Defendant's motion in limine with respect to (6) is therefore GRANTED.

As to (7), Defendant seeks to exclude Yanoviak's testimony and opinions that the signage was inadequate.  (Id. at 22-24.)  Defendant argues that Yanoviak's testimony and opinions are not supported by any specific standards or requirements to which the signage failed to comply.  (Id. at 23-24.)  Defendant's motion in limine with respect to (7) is GRANTED.  However, should Plaintiff be able to lay a sufficient foundation for such testimony at trial, the Court will entertain a request to allow Yanoviak to so testify.

Lastly, with respect to (8), Defendant seeks to exclude Yanoviak's testimony and opinions regarding hydroplaning and a low coefficient of friction as the causes of Plaintiff slipping off of the infinity ledge.  (Id. at 24-27.)  Plaintiff objects only with respect to Yanoviak's testimony and opinions regarding

hydroplaning.  (Opp'n at 4.)  Because there is no evidence that Yanoviak is

qualified as an expert on hydroplaning, Yanoviak may not render an opinion on

this matter.  Yanoviak, however, may testify as to whether the design of the pool,

specifically, the infinity ledge, places guests at risk of slipping, provided that

Plaintiff is able to lay a sufficient foundation for such testimony.  Accordingly,

Defendant's motion in limine with respect to (8) is GRANTED IN PART and

DENIED IN PART.

      For the reasons stated above, Defendant's Motion in Limine No. 6 to

Exclude and Limit Opinions of Andrew Yanoviak (Doc. # 124) is GRANTED IN

PART and DENIED IN PART.

    C.    <u>Defendant's Motion in Limine No. 7 to Exclude Opinions of Andrew
Yanoviak Regarding Matters Not Relevant to this Case</u>

      Defendant moves to exclude the following opinions of Yanoviak,

which Defendant claims are irrelevant to this case:

(1)    The tiles designating the depth of the pool are
demarcated faintly;

(2)    There is no additional handrail at the pool stairway;

(3)    There are only five vertical risers in the pool stairway;

(4)    The depth information at the pool stairway location is
erroneous and misleading;

(5)    The installed handrails are substantially out of alignment;

(6)    There is no fence around the pool to protect young
children; and

(7)    There was no good reason or purpose to install this
particular type of infinity pool in this location.

(Mem. in Supp. of Mot. at 2.)  Plaintiff objects only to Defendant's request to exclude Yanoviak's opinion that there was "no good reason or purpose to install this particular type of infinity pool in this location . . . ."  (Opp'n at 2-3.)  Plaintiff claims that such opinion is relevant to the design of the pool.  (See id.)  To the extent Plaintiff is able to lay a sufficient foundation to show that such opinion is relevant to the design of the pool, Defendant's request to exclude this opinion is DENIED.  Accordingly, Defendant's Motion in Limine No. 7 to Exclude Opinions of Andrew Yanoviak Regarding Matters Not Relevant to this Case (Doc. # 113) is GRANTED IN PART and DENIED IN PART.

## CONCLUSION

As stated above, Plaintiff's Motion for Reconsideration, or in the Alternative, Motion in Limine to Preclude Mark S. Sanders, Ph.D., from Testifying that Stepping onto the Infinity Ledge to Enter the Pool was an Open and Obvious Danger (Doc. # 120) is DENIED; and Plaintiff's Motion in Limine to Bar Mark Sanders, Ph.D. from Testifying (Doc. # 114) is DENIED.  Defendant's Motion in Limine No. 1 to Exclude Undisclosed Expert Opinions (Doc. # 108) is GRANTED; Defendant's Motion in Limine No. 2 to Exclude Evidence of Liability Insurance (Doc. # 109) is GRANTED; Defendant's Motion in Limine No. 3 to Exclude Evidence of Settlement Negotiations (Doc. # 110) is GRANTED;

Defendant's Motion in Limine No. 4 to Exclude Testimony and Evidence

Regarding Subsequent Entrances into the Pool and Subsequent Accidents in the

Pool Area (Doc. # 111) is GRANTED; Defendant's Motion in Limine No. 5 to

Exclude Testimony, Opinions, and Evidence of Andrew Yanoviak Relating to

Other Pool Users (Doc. # 112) is GRANTED; Defendant's Motion in Limine No. 6

to Exclude and Limit Opinions of Andrew Yanoviak (Doc. # 124) is GRANTED

IN PART and DENIED IN PART; and Defendant's Motion in Limine No. 7 to

Exclude Opinions of Andrew Yanoviak Regarding Matters Not Relevant to this

Case (Doc. # 113) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 13, 2010.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge


Robbin v. Marriott Hotel Services, Inc., dba Wailea Marriott Resort, et al.;
CV. NO. 08-00061 BMK; ORDER ON PLAINTIFF JANE ROBBIN'S AND
DEFENDANT MARRIOTT HOTEL SERVICES, INC., DBA WAILEA
MARRIOTT RESORT'S MOTIONS IN LIMINE.